**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD C. HARRISON, | No. 22-15038 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00074-RCC |
| v. | |
| UNITED STATES OF AMERICA; A. ASH, USP Medical - Doctor, USP Tucson; DE GUZMAN, First name unknown, USP Medical - Doctor, USP Tucson; C. NEWLAND, USP Medical - PA-C, USP Tucson; HAIGHT-BIEHLER, First name unknown, USP Medical - DO/CD, USP Tucson; RICHARD UNGER, USP Medical - Doctor, USP Tucson, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted August 15, 2023**

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Richard C. Harrison appeals pro se from the district court's judgment dismissing his action under the Federal Tort Claims Act ("FTCA") as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886 (9th Cir. 2017) (dismissal as time-barred); *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm in part, reverse in part, and remand.

The district court properly dismissed as time-barred Harrison's claim arising from nurse practitioner Unger's conduct because Harrison learned of his injury and the failure to treat it more than two years before filing an administrative claim. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented . . . within two years after such claim accrues . . . ."); *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018) ("In a medical malpractice case under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." (citation and internal quotation marks omitted)).

The district court dismissed Harrison's claim arising from Dr. Ash's eighty-day delay in providing an antibiotic prescription because Harrison became aware his prescription was delayed more than two years before filing an administrative claim. However, Harrison alleged that the delay in antibiotics caused his ear

infection to become resistant to antibiotics and his eardrum to collapse, which he did not become aware of until March 2018. On this record, Harrison alleged facts sufficient to show that his claim of the development of his ear infection into a more serious condition accrued within the two-year limitations period and is thus timely. *See Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984) (explaining that a cause of action stemming from a failure to diagnose or treat a pre-existing condition accrues for purposes of § 2401(b) when "the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition" (quoting *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983)). We reverse the dismissal of Harrison's claim as to Dr. Ash and remand for further proceedings.

Harrison's request for summary judgment (Docket Entry No. 20) is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**